CARMEN W. BRANTLEY

CIVIL ACTION

VERSUS

NO. 17-653-BAJ-EWD

NEW PRIME INCORPORATED,
RLI INSURANCE COMPANY,
AND JASON KANHAI

## NOTICE AND ORDER

On September 19, 2017, defendants New Prime Incorporated and RLI Insurance Company (the "Removing Defendants") filed a Notice of Removal based upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332.[1]

Per the Notice of Removal, and consistent with the Petition for Damages (the "Petition") filed in state court, plaintiff, Carmen W. Brantley ("Plaintiff"), is alleged to be a domiciliary of Louisiana.[2]  However, Plaintiff alleges in the Petition that defendant, New Prime Incorporated ("New Prime"), is a "domestic corporation" and that defendant, Jason Kanhai ("Kanhai"), is a "domiciliary of the Parish of Livingston, State of Louisiana."[3]  In the Notice of Removal, the Removing Defendants allege that "Plaintiff improperly alleges that Defendant New Prime Incorporated is a domestic corporation; however, New Prime Incorporated is incorporated in the State of Nebraska, has its principal place of business in Missouri, and is a citizen of Nebraska and Missouri."[4]  The Removing Defendants further allege that Kanhai "is upon information and belief

---

[1] R. Doc. 1.

[2] R. Doc. 1-1; R. Doc. 1, ¶ 8.  Per the Notice of Removal, defendant, RLI Insurance Company ("RLI"), is "a corporation duly organized under the laws of the State of Illinois with its principal place of business in Illinois."  R. Doc. 1, ¶ 8. In the Petition, RLI is alleged to be a "foreign insurance company."  R. Doc. 1-1, ¶ 1(b).

[3] R. Doc. 1-1, ¶¶ 1(a) & (c).

[4] R. Doc. 1, ¶ 8.

a citizen and resident of Florida."[5] Based on the allegations set forth in the Petition and the Notice of Removal, there appears to be a potential conflict regarding the citizenship of New Prime and Kanhai and whether the parties are completely diverse.

Additionally, the Removing Defendants contend that "[o]n or about August 25, 2017, counsel for Defendants held a telephone conference with Plaintiff counsel wherein it was stated that Plaintiff is seeking damages in excess of $75,000.00."[6] In addition to relying on this telephone conference, the Removing Defendants point out that in the Petition, Plaintiff alleges injuries to her neck, back, "thoracic," and "bilateral shoulder."[7] Per the Petition, Plaintiff seeks damages for past, present, and future (1) physical pain and suffering; (2) mental pain, anguish, and distress; (3) medical expenses; (4) loss of enjoyment of life; (5) disability; (6) impairment of earning capacity; and (7) lost wages.[8] There is no indication in the Petition or the Notice of Removal regarding the amount of lost wages or medical expenses, extent of disability, or specific injuries sustained by Plaintiff (other than general identification of body part).

Based on the allegations of the Petition and the Notice of Removal, the court *sua sponte* raises the issue of whether subject matter jurisdiction exists.

Accordingly,

**IT IS HEREBY ORDERED** that defendants New Prime Incorporated and RLI Insurance Company (the "Removing Defendants") shall file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically addressing (1) the citizenship of the parties;

[5] R. Doc. 1, ¶ 8.

[6] R. Doc. 1, ¶ 9.

[7] R. Doc. 1-1, ¶ 8.

[8] R. Doc. 1-1, ¶ 9.

and (2) whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

**IT IS FURTHER ORDERED** that if Plaintiff disagrees with the Removing Defendants about either the citizenship of the parties or whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, Plaintiff shall file, within ten (10) days after the filing of the Removing Defendants' memorandum and supporting evidence, a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on October 5, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**